# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GREGORY J. HARTNETT, ET AL.,<br><br>　　Plaintiffs,<br><br>v.<br><br>PENNSYLVANIA STATE EDUCATION ASSOCIATION, ET AL.,<br><br>　　Defendants. | Case No. 1:17-cv-00100<br><br>(Hon. Yvette Kane) |

## DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Defendants Pennsylvania State Education Association ("PSEA"), Homer-Center Education Association, Twin Valley Education Association, and Ellwood Area Education Association (collectively the "Defendants") respectfully move this Court to dismiss the Amended Complaint (Dkt. 23) for want of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) or, alternatively, to enter a judgment pursuant to Federal Rule of Civil Procedure 56 awarding the Plaintiffs no attorney fees. In support of this motion, Defendants state the following:

　　1.　　On March 21, 2017, Plaintiffs filed an Amended Complaint in this action for the express purpose of obtaining review by the Supreme Court to

overrule its decision in *Abood v. Detroit Board of Education*, 431 U.S. 209 (1977). (Dkt. 23.)

2. On September 28, 2017, while this action remained pending before this Court, the Supreme Court granted *certiorari* in a different case, *Janus v. AFSCME Council 31*, 138 S. Ct. 2448 (2018), where the question presented was whether *Abood* should be overruled.

3. On October 2, 2017, the Plaintiffs and Defendants in this case jointly moved to stay all proceedings because the eventual ruling in *Janus* was "nearly certain to impact and control the disposition of this matter" (Dkt. 55 at ¶ 7), which this Court granted on October 4, 2017 (Dkt. 56).

4. On June 27, 2018, the Supreme Court issued its ruling in *Janus*, which expressly overruled *Abood* and held that "[s]tates and public-sector unions may no longer extract agency fees from nonconsenting employees." *Janus*, 138 S. Ct. at 2459.

5. There can be no genuine dispute of fact that, after the issuance of the *Janus* decision, the Defendants and the relevant public school districts (a) promptly ceased the collection of fair share fees; (b) ensured that fair share feepayers were promptly refunded for any fee amounts that were inadvertently collected or otherwise attributable to a date after the *Janus* decision; and (c) acknowledged that any existing statutory or contractual provisions purporting to allow the collection

of fair share fees have become unconstitutional in light of the *Janus* decision and would not be enforced in the future. *See* Defs.' Separate Statement of Material Facts in Supp. of Mot. to Dismiss or, in the Alternative, for Summ. J. ("DSF") at ¶¶ 7–17.

6. The undisputed facts set forth in support in of this motion show that—because of the change in circumstances wrought by the *Janus* decision and the prompt measures Defendants took to comply with that decision—Plaintiffs can no longer obtain any meaningful relief from this Court, and their claims are therefore moot. *See* DSF at ¶¶ 7–17.

7. The undisputed facts show further that, even if this Court retains jurisdiction to award Plaintiffs nominal damages, there would be a substantial difference between such an award and the broad declaratory and injunctive relief sought in the Amended Complaint, such an award would be based on success on a legal issue that the Supreme Court already conclusively decided in *Janus*, and such an award would have no effect on the future conduct of the parties. *See* DSF at ¶¶ 7–17.

8. For the reasons above, and for the reasons more fully set forth in the Defendants' brief in support of this motion, Defendants submit that this Court must dismiss the Amended Complaint in its entirety for want of subject-matter jurisdiction. Alternatively, if this Court concludes that Plaintiffs are entitled to an

award of nominal damages, Defendants submit that judgment should be entered awarding Plaintiffs no attorney fees.

WHEREFORE, Defendants respectfully request that this Court enter an Order granting their Motion to Dismiss or, in the Alternative, for Summary Judgment. A Draft Order to that effect is attached.

Respectfully Submitted,

_____/s/_____
Joseph F. Canamucio, Esq.
P.A. Attorney I.D. No. 316335
Pennsylvania State Education Association
400 North 3rd Street
P. O. Box 2225
Harrisburg, PA 17105-2225
Telephone: (717) 255-7131
Facsimile: (717) 255-7132
Email: jcanamucio@psea.org

Jason Walta, Esq.*
D.C. Bar No. 479522
National Education Association
1201 16th Street N.W.
Washington, D.C. 20036
Telephone: (202) 822-7035
Facsimile: (202) 822-7033
Email: jwalta@nea.org
* *Admitted pro hac vice*

*Counsel for Defendants*

September 14, 2018

# CERTIFICATE OF SERVICE

I hereby certify that on September 14, 2018, I electronically filed the foregoing document with the Clerk of the Court for the United States District Court for the Middle District of Pennsylvania by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

           _____/s/_____
           Joseph F. Canamucio, Esq.
           P.A. Attorney I.D. No. 316335
           Pennsylvania State Education Association
           400 North 3rd Street
           P. O. Box 2225
           Harrisburg, PA 17105-2225
           Telephone: (717) 255-7131
           Facsimile: (717) 255-7132
           Email: jcanamucio@psea.org